IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TRUMP MEDIA & TECHNOLOGY GROUP CORP., <br><br> Plaintiff, <br><br> v. <br><br> WP COMPANY LLC D/B/A THE WASHINGTON POST, <br><br> Defendant. <br><br> In re Subpoena Issued to: <br><br> PHILIP S. BREWSTER, ESQ., <br><br> Movant. | Case Number: <br><br> Judge: <br><br> Magistrate Judge: |

**<u>MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PHIL BREWSTER'S MOTION TO QUASH SUBPOENA</u>**

Non-party attorney Phil Brewster ("Brewster") files this Memorandum of Law in support of his Motion to Quash Plaintiff's untimely deposition subpoena issued on February 25, 2026. The subpoena commands attorney Brewster's attendance at a deposition in Chicago on March 12, 2026, two weeks after the close of discovery. A true and correct copy of the subpoena is attached as <u>Exhibit A</u>. On the afternoon of Sunday, March 1, 2026, attorney Brewster provided Local Rule 37.2 to Plaintiff's counsel from Florida and provided the following statement to be included in this Motion, "On Saturday February 28, 2026, attorney Brewster conferred by email with Plaintiff's counsel (Jalaine Garcia, Esq. and Alejandro Brito, Esq.) to request the withdrawal of the subpoena

in compliance with Local Rule 37.2. Plaintiff's counsel did not agree and Plaintiff's counsel further objected to this motion. On Sunday March 1, 2026, attorney Brewster wrote again to Plaintiff's counsel (Jalaine Garcia, Esq. and Alejandro Brito, Esq.) to confirm that any telephone conference would be fruitless and confirmed the parties cannot reach accord. This dispute requires the Court's involvement." Late on the evening of Sunday, March 1, 2026, Plaintiff's counsel (Jalaine Garcia, Esq. and Alejandro Brito, Esq.) responded by stating that it would not withdraw its subpoena, strongly noted that the subpoena was properly issued in its view, and agreed that further communication would be fruitless. The parties are at an impasse in this time constrained matter. This Motion is timely for the Court.

## BACKGROUND

Plaintiff initiated this defamation action against *The Washington Post* in July 2023 regarding a story detailing certain bridge financing received by Trump Media & Technology Group (d/b/a "Truth Social") in the U.S. District Court for the Middle District of Florida (Trump Media & Technology Group Corp. v. WP Company, LLC, d/b/a The Washington Post, 8:23-cv-01535 (M.D. Fla.)). ECF No. 1. That Court entered an initial scheduling order in December 2023 (ECF No. 45) and a revised scheduling order in June 2025 (ECF No. 88). The Court's controlling order required completion of discovery by February 28, 2026. *Id*. Based upon the case docket, Plaintiff and *The Washington Post* have engaged in discovery since 2023.

Attorney Brewster is not party to the dispute between Plaintiff and *The Washington Post*. Brewster is a licensed Illinois attorney and is a solo practitioner with an office in Winnetka. He is counsel to Will Wilkerson ("Wilkerson"), who is a federal whistleblower. Wilkerson extensively cooperated with the U.S. Department of Justice ("DOJ"), Federal Bureau of Investigation ("FBI") and the U.S. Securities and Exchange Commission ("SEC") concerning federal law enforcement

2

and regulatory investigations into Plaintiff's bridge financing efforts and ultimate SPAC transaction. After doing so, Wilkerson was a source for *The Washington Post*, which published an article that is the subject of Plaintiff's lawsuit in the U.S. District Court for the Middle District of Florida.

Attorney Brewster has represented Wilkerson since August 2022 in his federal whistleblowing matter, including the filing of a SEC whistleblower complaint, preparing and representing Wilkerson for an in-person interview with DOJ, FBI and SEC in New York City at the U.S. Attorney's Office for the Southern District of New York, preparing numerous post-interview supplemental correspondences and disclosures to such agencies, in addition to the U.S. Attorney's Office for the Southern District of Miami, and subsequently preparing and representing Wilkerson in a lengthy deposition by SEC enforcement attorneys. Attorney Brewster also represents Wilkerson as a non-party witness in several cases filed by or against Plaintiff involving business disputes related to Truth Social's SPAC transaction. Finally, attorney Brewster is counsel to Wilkerson in a parallel multi-defendant Florida state court defamation case in Sarasota County (2024 CA 003653 NC). The Florida state court case arises from Wilkerson serving as a source to *The Guardian* reporting that detailed, just like *The Washington Post* story, allegedly problematic aspects of Plaintiff's bridge financing efforts and ultimate SPAC transaction.

Plaintiff is no ordinary litigant. Truth Social is beneficially owned and controlled by the most powerful person in the world, President Donald J. Trump. Not only is President Trump the leader of the most powerful country in the world, but he is also a billionaire. Truth Social does not lack for financial resources or an inability to retain highly qualified counsel. Yet having more than two years to conduct discovery, Plaintiff did not seek documents from, or attempt to depose,

3

attorney Brewster until serving him with a deposition subpoena on February 26, 2026—two business days before the close of discovery.

Since the opening of discovery, Plaintiff has been well-aware of attorney Brewster and his client Wilkerson as potential fact witnesses, but Plaintiff failed to timely seek Brewster's deposition. As early as October 15, 2022, Plaintiff was aware of attorney Brewster's representation of Wilkerson because on that date *The Washington Post* published a lengthy article about Wilkerson and his allegations against Plaintiff, and attorney Brewster was specifically mentioned. Even earlier on October 7, 2022, the *Miami Herald* published a lengthy article about Wilkerson and his allegations against Plaintiff, and attorney Brewster was again specifically mentioned. Under the discovery rules, Plaintiff was given wide liberty to chart its discovery course which did not timely include attorney Brewster. Counsel must abide by the discovery rules and accept the outcome of its legal strategy that was wholly of its own making. Attorney Brewster's involvement was not hidden to Plaintiff; he was standing in the public square next to his client Wilkerson.

On February 26, 2026, Plaintiff and *The Washington Post* filed a joint contested discovery motion addressing, in part, Plaintiff's request to take the untimely deposition of attorney Brewster. ECF No. 144 (Exhibit B). *The Washington Post* opposes Plaintiff's request to depose attorney Brewster. *Id*. The timing and context are revealing. On the same day Plaintiff requested leave from the Court for a out-of-time deposition opposed by *The Washington Post*'s counsel, Plaintiff served attorney Brewster with the deposition subpoena at his office in Winnetka. Plaintiff's conduct highlights its knowledge that the subpoena to attorney Brewster is improper.

Distinct from its litigation against *The Washington Post*, Plaintiff initiated a parallel multi-defendant defamation case against *The Guardian* and Wilkerson in Florida state court, in which attorney Brewster is also counsel to Wilkerson. On November 24, 2025, Plaintiff's defamation

4

case against Wilkerson was dismissed because Plaintiff failed to establish falsity and actual malice with leave granted to amend as a matter of right under state law. Order at 7 (Exhibit C). Plaintiff later refiled. Currently, Wilkerson, through attorney Brewster, is seeking both a motion to dismiss and sanctions under the Florida Anti-SLAPP statute against Plaintiff which is scheduled for a hearing on April 14, 2026. Attorney Brewster believes Plaintiff seeks to depose him in the U.S. District for Northern Illinois, along with his client Wilkerson in the U.S. District for Eastern North Carolina, to improperly secure testimony, in part, to use in the unrelated Florida state court litigation.

ARGUMENT

Rule 45 of the Federal Rules of Civil Procedure governs issuing and quashing a subpoena. The Court has broad discretion to resolve motions to quash. Griffin v. Foley, 542 F.3d 209, 223 (7th Cir. 2008). The Court should quash this subpoena because it is untimely and calls for a deposition to occur after the close of discovery. Plaintiff notified attorney Brewster of its desire to depose him a mere three days before the close of discovery and a day later issued a subpoena that calls for a deposition two weeks after the close of discovery. Plaintiff had two years to depose attorney Brewster and chose to wait until after the close of discovery to seek his deposition. This alone strongly warrants granting the motion to quash. The Court should exercise its discretion and quash the subpoena given Plaintiff's unexcused delay and facially untimely subpoena.

Additionally, the Court must quash or modify a subpoena, upon a timely motion, if it "subjects a person to undue burden" or "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Shophar v. Pathway Family Servs., LLC, No. 22-cv-2333, 2026 U.S. Dist. LEXIS 5211, at *3-4 (N.D. Ill. Jan. 12, 2026) (quoting Fed. R. Civ. P. 45(d)(3)(A)(iii-iv)). Non-party status "is a significant factor to be considered" when the subpoena recipient argues

5

undue burden. *Id* (quoting Tresóna Multimedia, LLC v. Legg, No. 15 C 4834, 2015 U.S. Dist. LEXIS 107723, 2015 WL 4911093, at *2 (N.D. Ill. Aug. 17, 2015)). The Court may also quash or modify a subpoena if it requests discovery that is "unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient." *Id*. (quoting Fed. R. Civ. P. 26(b)(2)).

Plaintiff's attempt to depose attorney Brewster will inherently require attorney Brewster to disclose privileged information in the form of attorney-client privileged communications or privileged attorney work product. This is prohibited. Further, Plaintiff has already (or could have) obtained from *The Washington Post* all non-privileged communications between attorney Brewster and *The Washington Post* during the discovery period through a discovery request to defendant. This makes Plaintiff's request highly duplicative, unduly burdensome, and therefore prohibited. Further, if Plaintiff seeks to question attorney Brewster about the meaning or intention of communications between attorney Brewster and *The Washington Post*, attorney Brewster will, with a high degree of probability, be unable to answer because of either the attorney-client communication privilege or attorney work product privilege. Any attempt for attorney Brewster to answer such questions would be an ethical minefield, and place an undue, in fact extreme, burden on attorney Brewster, who is a non-party to the proceeding. If attorney Brewster had critical (non-privileged) information for Plaintiff's case that was not available from *The Washington Post*, Plaintiff could have properly subpoenaed him during the discovery period.

The timing of Plaintiff's subpoena also indicates that Plaintiff has ulterior motives in deposing attorney Brewster. Plaintiff chose not to depose attorney Brewster for nearly two years in the instant action. Now on April 14, 2026, Plaintiff is facing a motion to dismiss (arising from Plaintiff amending its previously dismissed complaint) and a motion for sanctions under the Florida Anti-SLAPP statute in its state court litigation in which Wilkerson is a defendant and

attorney Brewster is his counsel. In that context, Plaintiff seeks a post-discovery deposition of both attorney Brewster and his client Wilkerson. These facts indicate that any deposition of attorney Brewster will involve Plaintiff seeking information not relevant to this matter, but to its state court litigation against Wilkerson. Plaintiff is impermissibly attempting to drive wedge between client and attorney.

CONCLUSION

For these reasons, attorney Brewster respectfully requests the Court quash Plaintiff's subpoena as untimely. Should this Court not quash the subpoena and allow attorney Brewster's deposition to proceed, the Court is requested to enter a protective order (1) directing Plaintiff not to direct any question to attorney Brewster which is likely to require attorney Brewster to disclose attorney-client privileged communications or attorney work product arising from his representation of Wilkerson since 2022, (2) precluding Plaintiff from directing any question to attorney Brewster that is unreasonably cumulative or duplicative or is obtainable from some other source that is more convenient, (3) precluding Plaintiff from directing any question to attorney Brewster about facts not specifically and directly relevant to Plaintiff's litigation against *The Washington Post*, and (4) precluding Plaintiff from directing any questions to attorney Brewster relevant to its separate litigation against Wilkerson in Florida state court. Finally, this Court is requested to grant reasonable attorney's fees and costs incurred in quashing this untimely subpoena or in the alternative its modification.

7

This the 2nd day of March, 2026.

                              **BREWSTER LAW FIRM LLC**

                              By: /s/ Philip S. Brewster

                              Philip S. Brewster, Esq.
                              ARDC No. 6285810
                              Brewster Law Firm LLC
                              560 Green Bay Road, Suite 402
                              Winnetka, Illinois 60093
                              philip.brewster@brewsteradvisory.com
                              (847) 386-6514
                              Counsel for Non-Party Phil Brewster

CERTIFICATE OF SERVICE

      I hereby certify that I electronically filed the foregoing MEMORANDUM OF LAW IN SUPPORT OF NON-PARTY PHIL BREWSTER'S MOTION TO QUASH SUBPOENA with the Clerk of Court using the CM/ECF system and will send a copy to all counsel by electronic mail as follows:

Alejandro Brito
Jalaine Garcia
Ian Michael Corp
Brito, PLLC
2121 Ponce de Leon Boulevard, Suite 650
Miami, Florida 33134
abrito@britopllc.com
jgarcia@britopllc.com
icorp@britopllc.com
Counsel for Plaintiff

Carol Jean LoCicero
Linda R. Norbut
Thomas & LoCicero PL
601 South Boulevard
Tampa, Florida 33606
clocicero@tlolawfirm.com
lnorbut@tlolawfirm.com
Counsel for Defendant

Thomas G. Hentoff
Nicholas G. Gamse
Isabelle J. Beaton
Williams & Connolly LLP
680 Maine Avenue, S.W.
Washington, D.C. 20024
thentoff@wc.com
ngamse@wc.com
ibeaton@wc.com
Counsel for Defendant

This the 2nd day of March, 2026.

                                 **BREWSTER LAW FIRM LLC**

                                 By: /s/ Philip S. Brewster

                                 Philip S. Brewster, Esq.
                                 ARDC No. 6285810
                                 Brewster Law Firm LLC
                                 560 Green Bay Road, Suite 402
                                 Winnetka, Illinois 60093
                                 philip.brewster@brewsteradvisory.com
                                 (847) 386-6514
                                 Counsel for Non-Party Phil Brewster